502

## MOORE v. BOYD.
### No. 4840.

Court of Appeals of District of Columbia.

Argued Feb. 4, 1930.
Decided March 3, 1930.

Geo. E. Sullivan and Herbert S. Ward, both of Washington, D. C., for appellant.

Jo V. Morgan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This appeal calls for a construction of the last will and testament of Louisa C. Moore deceased. The will was executed on April 17, 1907, and the death of the testatrix followed in the same year.

The testatrix was survived by her husband, Richard C. Moore, and a daughter, Ethel Romaine Boyd, and the present controversy arose between those parties. Since the commencement of this case, Richard C. Moore has departed this life, and the appellant, Rena E. Moore, the sole devisee of his estate, has been substituted as a party in his stead.

The testatrix, at the date of the will and at the time of her decease, was the owner in fee and was in full possession of ten certain lots in "Chicester" or Talburtt's subdivision in the District of Columbia. She also owned an undivided one-sixth interest in certain other lots of the same subdivision, which she inherited from her father, George W. Talburtt, subject, however, to a life estate therein of her mother, Catherine A. Talburtt. This life estate did not in fact terminate until several years after the death of the testatrix, and until that time Catherine A. Talburtt was in full possession and occupancy of the dower lots.

In the first item of her will the testatrix disposed of certain real estate not now in question. The second item of the will, containing the provisions herein involved, reads as follows:

"Second. Of all other real estate now possessed by me in what is known as 'Chicester' or Talburtt's Sub-Division, in the estate of my father, George W. Talburtt, in and near Anacostia, in the District of Columbia, I give and devise one-half to my beloved daughter, Ethel Romaine Moore, said daughter to have first choice of the lots therein to constitute her said one-half, and the other half I devise to my beloved husband, Richard Moore, absolutely and forever."

It is agreed that the testatrix by this item devised to her husband and daughter in equal shares all of the lots in Talburtt's subdivision owned and possessed by her in severalty; and these were divided between them as directed by the will. A question, however, arose whether the item likewise devised to them the undivided one-sixth interest of the testatrix in the lots subject to the life estate of Catherine A. Talburtt. It was claimed by the daughter, now the appellee, that the item in question devised to her father and herself in equal shares only the lots which the testatrix owned and occupied in severalty at the time of her decease. It was contended on the other hand by the father

that the testatrix intended by this item to devise to them all the vested estate owned by her in Talburtt's subdivision, both that held by her in severalty and absolutely and that in which she held an undivided interest by way of vested remainder. The lower court sustained the contention of the daughter, whereupon this appeal was taken.

We agree with the conclusion of the lower court. In our opinion the testatrix in the second item intended to devise only those lots which she owned and occupied in severalty, and not the undivided interest held by her in the dower lots. The item begins by defining the real estate to be devised thereby as "all other real estate now possessed by me in what is known as 'Chicester.'" The testatrix, however, at the time of writing the will, as at the time of her decease, was not possessed of any of the dower lots in the common acceptation of that term. That term is not commonly applied to an undivided interest in lands lawfully subject for an indefinite time to the exclusive occupancy of another. "Possession of land has been defined as the holding of it and exclusive exercise of dominion over it. * * * As applied to land, the term may be employed in the sense of *Occupancy*, q. v., with which it is nearly if not quite synonymous, and which has been said to be its ordinary meaning." 31 Cyc. 925.

Moreover, an estate in remainder is defined to be one not in present possession but which is to be reduced to possession in the future.

"A remainder is an estate limited to take effect in possession immediately after the expiration of a prior estate created at the same time and by the same instrument." 23 Ruling Case Law, 483.

"It is the present capacity to take effect in possession, if the precedent estate should determine, which distinguishes a vested from a contingent remainder." Green v. Gordon, 38 App. D. C. 443, 444.

The item now in question speaks of the real estate devised thereby as being *now* possessed by the testatrix. It also provides that the daughter of testatrix was "to have first choice of the lots therein to constitute her said one-half." This provision implies that testatrix was dealing with lots subject to her present control, and contemplated the immediate division thereof upon her decease. Such a division could not be made of an undivided estate in lots then incumbered by the life estate of testatrix's mother, nor would such an undivided interest ordinarily be referred to as "lots."

It is contended that appellee's construction of item 2 would leave the undivided interest in the dower lots undisposed of by the will, and that it would be obnoxious to the presumption that partial intestacy is not intended by a testatrix.

We think, however, that the construction is not open to this objection, for the undivided interest in the dower lots passed to her daughter under the sixth item of the will which reads as follows:

"Sixth. All the remainder and residue of my estate, real, personal or mixed, now possessed by me, or hereafter acquired by me, wheresoever the same may be situated or found, I give, devise and bequeath to my beloved daughter, Ethel Romaine Moore, for her own sole use and benefit, absolutely and forever, including all furniture, jewelry, pictures, wearing apparel and all other personal property now located in the house where I now reside, in bank or elsewhere."

In this item the testatrix devises to her daughter all the remainder and residue of her estate, real, personal, or mixed, then possessed by her, or thereafter acquired by her. It is contended that the use of the word "possessed" in this item should be given the same signification as that given to it in construing the second item of the will, and that accordingly, if it be held not to apply to the undivided interest in the dower lots when used in the former item, it should not be construed to apply to it when used in the latter. It must be noted, however, that in the sixth item the testatrix also includes real estate "hereafter acquired," as well as that already possessed by her. It is not unreasonable to believe that the testatrix when making her will intended to refer in these words to such lots as might thereafter come to her in severalty from the dower tract.

We agree with the lower court in thus construing the will, and affirm its decision, with costs.